UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

FREEMAN WILLIAM MAY,       :

   Petitioner                :    CIVIL ACTION NO. 3:17-0966

   v.                        :    (JUDGE MANNION)

THOMAS McGINLEY,           :
Superintendent
                           :
   Respondent

## MEMORANDUM

Petitioner, Freeman William May, an inmate confined in the State Correctional Institution, Coal Township, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a 2014 conviction imposed by the Court of Common Pleas for Lebanon County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

## I. Background

Petitioner was first convicted and sentenced to death in March 1991 in the Court of Common Pleas of Lebanon County, Pennsylvania. On direct appeal, the Pennsylvania Supreme Court affirmed the conviction but vacated

the death sentence and remanded it for a new sentencing trial. Commonwealth v. May, 656 A.2d 1335 (Pa. 1995). Following a second sentencing trial in December 1995, Petitioner was again sentenced to death. Commonwealth v. May, 710 A.2d 44 (Pa. 1998). The Pennsylvania Supreme Court affirmed the sentence on direct appeal. Id. Petitioner then sought relief under Pennsylvania's Post Conviction Relief Act ("PCRA"), see 42 Pa. Cons. Stat. Ann. §§9541 et seq. In May 2006, the Pennsylvania Supreme Court affirmed his conviction, but vacated Petitioner's sentence and ordered a third sentencing trial. Commonwealth v. May, 889 A.2d 559 (Pa. 2006). In October 2008, Petitioner was again sentenced to death in the Lebanon County Court. Commonwealth v. May, 31 A.3d 668 (Pa. 2011). On November 23, 2011, the Pennsylvania Supreme Court affirmed Petitioner's sentence. Id. Petitioner's timely petition for certiorari review was denied on October 1, 2012. May v. Pennsylvania, 133 S. Ct. 190 (2012).

On August 19, 2013, Petitioner filed another PCRA petition asserting errors in his third death penalty trial. (Doc. 16-11 at 1). In a series of letters, submitted to Lebanon County President Judge John C. Tylwalk, by defense counsel through December 2013 and January 2014, Defense Counsel Jules Epstein indicated the Petitioner was willing to accept a sentence of life

2

imprisonment in exchange for withdrawing all pending and future appeals, and expressing concerns over Petitioner's mental state and capacity. (Doc. 16-12 at 1-4). Ultimately, on January 24, 2014, Attorney Epstein submitted a letter requesting a case status listing with the Petitioner present; an in chambers hearing was held before Judge Tylwalk on January 31, 2014. (Doc. 16-13 at 1).

Following the in chambers hearing, a competency hearing for the Petitioner was scheduled for and held on April 17, 2014. (Doc. 16-14 at 1-41). In this competency hearing, testimony was presented by Dr. William F. Russel, Ph.D. regarding the Petitioner's mental capacity. Id. Following the hearing, Petitioner was declared an incapacitated person and incompetent to proceed further in the matter. (Doc. 16-15 at 1). At this time, Judge Tylwalk directed the Office of the Public Defender of Lebanon County to serve as the guardian of the person of Petitioner. Id. Based in part in consideration of the agreement between the Commonwealth, Counsel for Petitioner, and Petitioner's appointed guardian, by Order dated July 2, 2014, Petitioner's death sentence was vacated, and he was sentenced to life imprisonment without the possibility of parole. (Doc. 16-18 at 1).

In an Order dated August 27, 2014, the sentencing court clarified that

Petitioner's life sentence was to run consecutively to his prior sentence on docket 82 of 1983. (Doc. 16-19). Petitioner filed no appeals after his sentence was imposed.

On June 5, 2017, Petitioner filed the above captioned petition for writ of habeas corpus. (Doc. 1, petition).

**II.    Discussion**

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of

4

§2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court.")(emphasis in original); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). "Final judgment in a criminal case means sentence. The sentence is the judgment." Burton v. Stewart, 549 U.S. 147, 157 (2007). Accordingly, the one year limitations period for filing a habeas begins when both conviction and sentence become final. Id.

In this case, Petitioner was sentenced to a term of life imprisonment on July 2, 2014. Because Petitioner failed to file an appeal, his conviction became final on August 1, 2014, at the expiration of the thirty-day period to file a direct appeal to the Pennsylvania Superior Court. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Petitioner had one (1) year, or until August 1, 2015, to file a federal habeas petition. The instant petition was not filed until June 5, 2017, twenty-two months after the

5

limitations period expired.[1] As such, the petition for habeas corpus relief under §2254 is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

Moreover, although the AEDPA's one-year filing requirement is a statute of limitations, not a jurisdictional rule, and thus a habeas petition should not be dismissed as untimely filed if there exists an equitable basis for tolling the limitations period, Petitioner presents absolutely no evidence to account for the delay in filing the instant petition for writ of habeas corpus. Consequently, equitable tolling is inapplicable in this matter and the petition will be dismissed.

## III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it

---

[1] Even if the Court were to consider the August 27, 2014 date of the order clarifying Petitioner's sentence, the petition is still untimely by twenty months.

debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: July 10, 2019**
17-0966-01